Conn, J.,
 

 concurring. My concurrence in the judgment of reversal is based on the following reasons: It is the commonly accepted rule that the statutory steps must be followed strictly to pave the way for review. Under our practice, an excepting party is required to file a petition in error, a bill of exceptions, if necessary to show the facts, and procure the issuance and service of summons, all within the prescribed time. The statute r>ro
 
 *223
 
 vides also that such party shall file with the petition in error a transcript of the docket or journal entries or a transcript of the original record.
 

 The question in the instant case grows out of the fact that the excepting party, having filed in the Court of Appeals a petition in error, bill of exceptions, and waiver of issue and service of summons, and having also filed with the clerk of the common pleas within the requisite time a precipe for a transcript of the docket and journal entries, did not procure such transcript to be filed in the reviewing court within the prescribed time; indeed, did not cause same to be filed until the seventy-sixth day after the overruling of the motion for a new trial. If it were not that the closing sentence of Section 12263, General Code, provides as it does, such omission would have been fatal. That portion of the section reads:
 

 “If the original papers and pleadings are filed, and the final record has not been made, the reviewing court may permit their temporary withdrawal for a reasonable time to allow the recording thereof, or direct copies to be made and filed and the originals to be returned to the inferior tribunal.”
 

 Under favor of this provision of the statute, the excepting party may file his petition in error and bill of exceptions in the reviewing court before the record in the trial court has been made up, and the papers so filed then be withdrawn temporarily and returned to the trial court to permit the final record to be made. The excepting party thus may file his petition in error on the fifty-ninth minute of the eleventh hour of the last day and then withdraw the -papers for the preparation of the record.
 
 *224
 
 As some period of time after such filing and withdrawal would be needed to prepare a transcript of the record for filing (later) in the reviewing court, which obviously would be after the expiration of the 70-day-period, it follows that time is not of the essence, and that the failure to file the transcript of the docket and journal entries or the final record at the precise time the petition in error is filed is not jurisdictional.
 

 Moreover, it has been held that where the excepting party does everything required of him, the inattention, malfeasance, nonfeasance, or misfeasance on the part of an administrative officer will not deprive such party of his right of review; for instance, if á bill of exceptions is filed with the clerk within time, the failure of the trial judge to sign same within rule will not prevent allowance of the bill, since the judge may sign after the expiration of the statutory period. See
 
 Porter
 
 v.
 
 Rohrer,
 
 referred to in Judge Day’s opinion.
 

 In view of this, and of the holding in
 
 Heininger
 
 v.
 
 Davis, Mayor,
 
 96 Ohio St., 205, 117 N. E., 229, also referred to in the opinion of Judge Day, and in view of the quoted portion of above section, I am of opinion that the provision of the statute requiring the filing of the docket or journal entries with the petition in error is directory only, and that where the excepting party, within rule, has filed the appropriate precipe for a suitable transcript, and has followed the matter up with such diligence as results in a filing of the transcript in the reviewing court within a reasonable time, the excepting party is entitled to have his case reviewed.